IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VOLVO GROUP NORTH AMERICA, LLC<br>d/b/a VOLVO TRUCKS NORTH<br>AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TRUCK ENTERPRISES, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 7:16-cv-00025<br><br>By:  Elizabeth K. Dillon<br>       United States District Judge |

**MEMORANDUM OPINION**

Kenworth Truck Company, a division of PACCAR Inc., moves to intervene as a plaintiff in this case under Federal Rule of Civil Procedure 24. Because Kenworth satisfies the requirements for mandatory intervention, the court will grant the motion.

I.    BACKGROUND

This case arises from the proposed sale of a group of mid-Atlantic commercial-truck dealerships. Defendants Truck Enterprises, Inc., James E. Hartman, Truck Enterprises Roanoke, Inc., Truck Enterprises Lynchburg, Inc., and Truck Enterprises Hagerstown, Inc. (collectively, Dealers) own and operate seven commercial-truck dealerships, selling Volvo, Kenworth, and Isuzu trucks. Four of the dealerships sell both Volvo and Kenworth trucks, and two of them sell both Kenworth and Isuzu trucks. The remaining dealership offers only Kenworth trucks. The dealerships that sell two brands are known as "dualed dealerships" in the commercial-truck business.

Dealers now wish to sell all of their dealerships to Transportation Equipment Company, Inc. (TEC) in a package deal. To that end, Dealers and TEC entered into a stock purchase agreement on December 18, 2015. The sale is currently scheduled to close on June 1, 2016. Plaintiff Volvo Group North America, LLC, does not want the deal to go forward. Instead, if the price is right, Volvo desires to exercise its contractual and statutory rights of first refusal and purchase just the Volvo portions of the dualed dealerships. Dealers do not dispute that Volvo has rights of first refusal under the parties' dealer agreements and Virginia law. Rather, Dealers insist that if Volvo chooses to exercise those rights, then under Virginia law, it must stand in the shoes of TEC and buy all of the dealerships—not just the Volvo portions of the dualed dealerships—for the same (or greater) consideration set forth in the stock purchase agreement.

Volvo disagrees with Dealers' assessment of Virginia law. It thus brought this suit against Dealers on January 26, 2016, seeking declaratory and injunctive relief. Along with its complaint, Volvo filed a motion for a preliminary injunction, asking the court to stop Dealers from going through with the proposed sale of the dealerships until the scope of Volvo's rights of first refusal is determined and to require Dealers to provide Volvo with the terms of the sale that are specific to the Volvo portions of the dualed dealerships.

The court held a hearing on Volvo's motion for a preliminary injunction on February 2. At the conclusion of that hearing, the court took the motion under advisement, and Volvo and Dealers agreed to extend all contractual and statutory deadlines relating to Volvo's rights of first refusal and to mediate their dispute concerning the proposed sale of the dealerships. Volvo and Dealers further agreed to invite TEC and Kenworth to participate in the mediation.

On March 1, Volvo informed the court that the parties, together with TEC and Kenworth, had participated in a mediation, but that it was unsuccessful. Volvo also reported that Dealers

have not changed their position as to Volvo's rights of first refusal. Hence, Volvo requested that the court rule on the motion for a preliminary injunction.

Less than a week later, on March 7, Kenworth filed this motion to intervene, arguing that it meets the requirements for both mandatory and permissive intervention under Rule 24. It is okay with Dealers' selling the dealerships to TEC, which already represents Kenworth in other markets. But Kenworth is not okay with Dealers' selling the dealerships to Volvo, as Dealers propose in the alternative. Further, if Volvo prevails and is allowed to purchase just the Volvo portions of the dualed dealerships, then Kenworth wants to be involved in separating those portions from the Kenworth portions and in valuing them. So in its proposed complaint in intervention, Kenworth seeks a declaration that its own contractual and statutory rights of first refusal are triggered anew if the proposed sale of the dealerships does not proceed as it currently stands.

Volvo opposes Kenworth's motion to intervene, arguing that Kenworth fails to satisfy the requirements of either mandatory or permissive intervention. Dealers, on the other hand, consent to the motion.

## II. DISCUSSION

**A. Standards for Mandatory and Permissive Intervention**

Rule 24 provides for mandatory and permissive intervention. Under Rule 24(a), the court must, "[o]n timely motion," allow an applicant to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect [his] interest, unless existing parties adequately represent that interest." To intervene as a matter of right, then, an applicant must meet the following requirements:

3

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect [his] interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (citations omitted).

"Timeliness is left to the court's discretion, and the other three requirements are questions of law." *Titan Atlas Mfg. v. Sisk*, No. 1:11-cv-00012, 2014 U.S. Dist. LEXIS 27094, at *7 (W.D. Va. Mar. 4, 2014) (citation omitted).

Even if an applicant does not satisfy the requirements for mandatory intervention, the court may still permit him to intervene. Pursuant to Rule 24(b), the court may, "[o]n timely motion," allow an applicant to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The decision whether to permit an applicant to intervene under Rule 24(b) "lies within the sound discretion of the trial court." *Hill v. W. Elec. Co.*, 672 F.2d 381, 385–86 (4th Cir. 1982) (citation omitted).

When faced with a motion to intervene, the court should err on the side of inclusiveness. "[L]iberal intervention," the Fourth Circuit has instructed, "is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted).

**B. Mandatory Intervention**

As noted above, an applicant must meet the following four requirements to intervene as a matter of right: (1) timeliness, (2) interest, (3) impairment of the ability to protect the interest, and (4) inadequate representation. The court addresses each requirement in turn.

*1. Timeliness*

An applicant must first show that his motion to intervene is timely. To determine timeliness, "[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). "The most important consideration is whether the delay has prejudiced the other parties." *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980).

The court finds that Kenworth meets the timeliness requirement. To begin with, Kenworth moved to intervene less than six weeks after Volvo initiated the case. Such a delay is not significant, especially given that the case has yet to progress past the preliminary injunction stage. Further, there is no evidence that the delay has prejudiced any party. Indeed, in opposing the motion, Volvo does not even suggest, much less demonstrate, that it has been prejudiced by the delay. Lastly, Kenworth has a good reason for the delay: it hoped that the parties would resolve their dispute at the mediation, thereby making intervention unnecessary.

*2. Interest*

Next, an applicant must establish that he has a "significantly protectable" interest in the proceeding. *Donaldson v. United States*, 200 U.S. 517, 531 (1971). Such an interest exists where the applicant "stand[s] to gain or lose by the direct legal operation of the district court's judgment on the [plaintiff's] complaint." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

The court concludes that Kenworth also satisfies the interest requirement. For starters, Kenworth has an interest in the ownership of the Kenworth portions of the dealerships. And while Volvo does not seek to purchase those portions, if Dealers prevail, then Volvo will have to buy all of the dealerships or none of them. Moreover, Kenworth has an interest in the valuation

5

of the Kenworth portions of the dualed dealerships. If Volvo prevails, then the Volvo and Kenworth portions of the dualed dealerships will have to be divided and valued.

### 3. *Impairment*

An applicant must also demonstrate that the denial of his motion to intervene would impair or impede his ability to protect his interest in the proceeding. To meet this burden, the applicant must establish that he would suffer a "practical disadvantage" if not allowed to intervene. *Nautilus Ins. Co. v. Strongwell Corp.*, No. 1:12-cv-00038, 2014 U.S. Dist. LEXIS 81294, at *6 (W.D. Va. June 13, 2014) (citation omitted). But he does not have "to go so far as to show that collateral estoppel or res judicata principles would affect any later action that may be brought." *Id.* (citation omitted).

The court finds that Kenworth meets the interest requirement, too. As explained above, Kenworth has interests in the ownership and valuation of the Kenworth portions of the dealerships. At least one of these interests will be affected here regardless of who prevails. If Volvo wins, then the Volvo and Kenworth portions of the dualed dealerships will have to be divided and valued. And if Dealers win, then Volvo will have to decide whether to purchase all of the dealerships or none of them.

### 4. *Inadequate Representation*

Lastly, an applicant must show that his interest in the proceeding is not adequately represented by the existing parties to the litigation. This burden is "minimal." *Teague*, 931 F.2d at 262 (internal quotation marks and citation omitted). "Many factors may suggest inadequate representation, including divergent interests." *Titan Atlas Mfg.*, 2014 U.S. Dist. LEXIS 27094, at *15 (citations omitted).

The court believes that Kenworth satisfies the inadequate-representation requirement as well. To be sure, Kenworth and Dealers both want the proposed sale of the dealerships to go through as it now stands. But that is where their interests diverge. Dealers' ultimate objective is to sell the dealerships as a package deal. Thus, as long as the terms are the same, it makes no real difference to Dealers if TEC or Volvo is the buyer. To Kenworth, however, it makes all the difference in the world. Kenworth—understandably—does not want a rival manufacturer exercising any control over the Kenworth portions of the dealerships. Accordingly, Dealers do not adequately represent Kenworth's interests.

Volvo likewise does not adequately represent Kenworth's interests. As discussed above, if Volvo prevails, then the Volvo and Kenworth portions of the dualed dealerships will have to be divided and valued. Volvo's primary concern lies with the valuation of the Volvo portions, not the Kenworth portions. And as far as Volvo is concerned, the lower the valuation of the Volvo portions, the better; for it would like to pay as little as possible for those portions. Kenworth, of course, would like the opposite: it would like the Volvo's portions to be valued higher than its own portions, thereby making Volvo's exercise of its rights of first refusal more costly and, at the same time, lowering the price Kenworth would pay for the Kenworth portions should its rights of first refusal restart.

\* \* \*

Since Kenworth satisfies each of the requirements for mandatory intervention, the court will grant Kenworth's motion to intervene.

**C. Permissive Intervention**

Because Kenworth meets the requirements for mandatory intervention, the court need not address whether permissive intervention is appropriate. Nevertheless, the court notes that

Kenworth does satisfy the requirements for permissive intervention, since its declaratory-judgment claim clearly shares "a common question of law or fact" with Volvo's declaratory-judgment claim. So even if Kenworth did not meet the requirements for mandatory intervention, the court would still allow Kenworth to intervene.

### III. CONCLUSION

For the foregoing reasons, the court will grant Kenworth's motion to intervene. An appropriate order will issue.

Entered: April 13, 2016.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge